IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RAYMOND BENTLEY,<br><br>Plaintiff,<br><br>vs.<br><br>A/W MYRON BEESON, et al.,<br><br>Defendants. | CV 16-00070-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Raymond Bentley, a prisoner proceeding without counsel, filed a complaint (Doc. 1) and two supplements to the complaint. (Docs. 4, 5.) His Complaint seems to challenge his current incarceration, which he cannot do with a civil complaint filed under 42 U.S.C. § 1983. The Court issued an Order finding that his case might be subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and he was given an opportunity to file an amended complaint to clarify his claims and the relief he seeks. (Doc. 6.)

Mr. Bentley then filed a notice (Doc. 8), an Amended Complaint (Doc. 9), and two additional supplements (Docs 10, 11). Mr. Bentley's filings continue to violate Rule 8 of the Federal Rules of Civil Procedure and they all appear to challenge his current incarceration. His filings fail to state a claim upon which

1

relief may be granted and therefore this matter should be dismissed.

## I. STATEMENT OF CASE

### A. Parties

Mr. Bentley is incarcerated at Montana State Prison (MSP) in Deer Lodge, Montana. In the "Parties" section of the Amended Complaint form, Mr. Bentley names the following Defendants: A/W Myron Beeson, C/M Joe Turner, and U/M Steve Krammer. (Amd. Complaint, Doc. 9 at 3.)

### B. Allegations

The Court has reviewed Mr. Bentley's filings which are largely incoherent. Ultimately, as with his original filings, the relief Mr. Bentley seeks in his amended pleadings is release from incarceration. He believes he should have been released from custody in 2012. He also makes some vague references to not being allowed to contact "his people," not getting the help and support that he needs, and being placed in disciplinary confinement. (Amended Complaint, Doc. 9.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

The Court will now complete the screening of Mr. Bentley's filings under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune.

Mr. Bentley's filings are so incoherent as to violate Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Mr. Bentley filed 50 pages of incoherent discussions of issues which are basically incomprehensible. As such, it is not possible to determine the precise nature of Mr. Bentley's claims. Therefore, this matter should be dismissed for failure to comply with Rule 8. In addition, the claims liberally construed in Mr. Bentley's filings also fail to state a claim.

### A. Challenge to Conviction

Mr. Bentley continues to challenge his current incarceration. He alleges he already discharged his sentence and Defendants need to release him home to Billings. As set forth in the Court's prior Order, an inmate may not bring an action

under § 1983 if its success would release the plaintiff from confinement or shorten its duration, *Preiser v, Rodriguez,* 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* at 487–88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Since Mr. Bentley is trying to be released from prison, his civil claims for relief fail as a matter of law. He may only seek release by filing a petition for writ of habeas corpus.

### B. Disciplinary Confinement

Liberally construed, Mr. Bentley may also be seeking to challenge his placement in disciplinary confinement which could be construed as a Fourteenth Amendment due process claim. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and

4

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined on a case-by-case determination, courts look to:

> (1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Id.* at 861 (quoting *Sandin*, 515 U.S. at 486-87). "If the hardship is sufficiently significant, then the Court must determine whether the procedures used to deprive that liberty satisfied Due Process." *Id.* at 860.

Mr. Bentley does not describe his conditions of confinement before or after his disciplinary write-ups and he does not explain what discipline he received. *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). His Complaint contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "present[ed] a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant

5

hardship." *Sandin*, 515 U.S. at 484-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Mr. Bentley's Amended Complaint, like his original Complaint, fails to state a claim upon which relief may be granted and should be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that thisdismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Bentley failed to state a claim upon which relief may be granted. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)("dismissals following

the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g).)

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Bentley may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of June 2017.

                                     */s/ John Johnston*
                                     John Johnston
                                     United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.